**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **BERNADETTE OSHEA, WILLIAM OSHEA and WILLIAM MICHAEL OSHEA** | : | Civil Action No. 25-12960 (GC)(JTQ) |
| Plaintiffs, | : | |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| **KARAN E. ARICO, CRISTOPH D. ARICO and 401 POINT, LLC d/b/a BOATYARD 401,** | : | |
| Defendants. | : | |

This decision resolves the Motion to Stay Civil Proceeding filed by Defendants Karan E. Arico ("K. Arico") and Cristoph D. Arico ("C. Arico") (collectively, the "Arico Defendants"). ECF No. 38. The Court has fully reviewed the submissions of the parties and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Arico Defendants' Motion is DENIED.

## I. BACKGROUND[1]

The underlying matter arises from a motor vehicle incident that occurred on March 10, 2025, in which Plaintiffs Bernadette Oshea and William Oshea were struck by Defendant C. Arico's vehicle, which K. Arico was driving. (Compl. ¶¶ 13, 18).

Following the incident, K. Arico admitted to police officers that prior to operating the vehicle she had been drinking alcoholic beverages at Boatyard 401, a restaurant owned and operated by Defendant 401 Point, LLC. (*Id.* ¶ 19). Police performed a breathalyzer test and K. Arico registered a blood-alcohol concentration of 0.23%. (*Id.* ¶ 20). At the time the instant motion was filed, K. Arico had pleaded guilty and was awaiting sentencing.[2] ECF No. 38-2 ("Mov. Br.") at 1. The Arico Defendants seek to stay this action pending termination of the criminal proceedings.

## II. LEGAL STANDARD

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). A "stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances." *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing *Trustees of Plumbers Pension Fund v. Transworld*

[1] The following facts are taken from Plaintiffs' Amended Complaint, ECF No. 7 ("Compl."), unless otherwise indicated, and are assumed true for the purposes of this decision.

[2] The parties have not advised the Court of any change in the status of K. Arico's criminal proceeding since briefing concluded.

*Mechanical, Inc.,* 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995)). The party seeking a stay of civil litigation bears the burden to show that the stay would be appropriate. *Landis*, 299 U.S. at 255.

Determining whether a stay is necessary "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. When making such a determination, courts examine a number of factors, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
> 2) the status of the case, including whether the defendants have been indicted;
> 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;
> 4) the private interests of and burden on the defendants;
> 5) the interests of the courts; and
> 6) the public interest.

*Walsh*, 7 F. Supp. 2d at 526 (citing *Transworld*, 886 F. Supp. at 1139). Courts must be mindful of the fact that "[t]he stay of a civil proceeding is an extraordinary remedy." *S. Freedman and Co. Inc. v. Raab*, 2008 U.S. Dist. LEXIS 79750, *5–6 (D.N.J. Oct. 6, 2008).

## III. ANALYSIS

The Arico Defendants argue that a stay is warranted because this civil action arises from the same incident underlying K. Arico's criminal prosecution and because requiring her to participate in civil discovery before sentencing could implicate her Fifth Amendment privilege. (Mov. Br. at 1, 5).

Plaintiffs oppose this application stating that the Arico Defendants have not met their burden establishing the necessity of a stay. ECF No. 40 at 2 ("Opp. Br."). Plaintiffs contend that the burden on K. Arico is limited because she already pleaded guilty, while delaying the civil action could postpone discovery for an uncertain period. (Opp. Br. at 4).

Although the Court recognizes that K. Arico's Fifth Amendment privilege extends through sentencing, the existence of that privilege does not require a stay of the entire civil action. Moreover, the record does not reflect that C. Arico is the subject of any related criminal proceeding, substantially diminishing any basis for staying the action as to him. For the reasons that follow, the substantial factual overlap between the proceedings does not outweigh the limited showing of prejudice arising from K. Arico's post-plea criminal posture.

**A. Overlap of Issues in the Criminal and Civil Proceedings**

The first *Walsh* factor favors K. Arico because the civil and criminal proceedings arise from substantially the same conduct.[3]

Similarity of the issues has been deemed "the most important issue at the threshold" when a court determines whether to grant a stay. *De'Omilia Plastic Surgery, P.C. v. Sweeton*, 2013 U.S. Dist. LEXIS 163601, at *6 (D.N.J. Nov. 18, 2013) (citing *Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)). "Although the Constitution does not require a stay where there are parallel civil and criminal proceedings, denying a stay may undermine a defendant's Fifth

[3] Neither party addresses the extent of the overlap in detail.

Amendment privilege against self-incrimination." *Id.* (citing *SEC v. Dresser Industries*, 628 F.2d 1368, 1375–76 (D.C. Cir. 1980)).

The criminal proceeding and Plaintiffs' civil claims against K. Arico arise from the same March 10, 2025 motor vehicle incident. There likewise can be no dispute that the proceedings overlap with respect to, *inter alia*, K. Arico's alcohol consumption, operation of the vehicle, and conduct immediately preceding the collision.

But the commonality ends there. Plaintiffs also assert claims against the remaining Defendants, which have little, if anything, to do with the criminal proceeding. And there exists substantial discovery concerning damages, medical treatment, third-party witnesses, and the conduct of co-defendants that does not necessarily implicate K. Arico's Fifth Amendment concerns. Accordingly, although this factor favors K. Arico, it does not alone justify staying the action.

**B. Status of the Criminal Proceeding**

The procedural posture of K. Arico's criminal matter weighs against a stay.

Although the case for a stay is strongest when the criminal defendant has been indicted, the significance of this factor depends on the particular stage of the criminal proceeding and the resulting risk of prejudice from parallel civil litigation. *140 Grant Ave. Assocs., LLC v. Garsia (In re Garsia)*, 2011 Bankr. LEXIS 1030, at *8 (Bankr. D.N.J. Mar. 17, 2011). Courts have declined to stay related civil actions even where a defendant had already pleaded guilty and was awaiting sentencing. *See Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1499 (S.D.N.Y. 1987).

The Arico Defendants attempt to distinguish *Arden Way* on the basis that it involved different criminal charges from those present here. (Reply Br. at 2). This distinction is unpersuasive. The significance of *Arden Way* does not turn on the substantive nature of the criminal offense, but rather on the procedural posture of the case and the defendant's asserted risk that participation in parallel civil litigation could adversely affect sentencing. Like K. Arico at the time this motion was filed, the defendant in *Arden Way* had already pleaded guilty but had not yet been sentenced. *Arden Way Assocs.*, 660 F. Supp. at 1496 n.1. And while the court noted that the defendant presumably retained a Fifth Amendment privilege, it had no trouble concluding that the defendant's speculation that participation in the civil action might adversely affect his sentence was insufficient to justify a stay. *Id. at* 1498–99. That is because the defendant could still invoke the privilege and discovery could be structured to address any concrete Fifth Amendment concerns.

That same logic applies perforce here. Nothing the Arico Defendants have argued changes that conclusion.

K. Arico's guilty plea also materially changes the concerns ordinarily associated with parallel civil and criminal proceedings. At the time Defendants filed this motion, K. Arico was no longer awaiting a determination of guilt; she pleaded guilty on April 20, 2026. Thus, concerns such as disclosure of a defense strategy before trial and the expansion of criminal discovery were substantially diminished. On this record, the status of the criminal proceeding weighs against a stay.

**C. Balance of the Equities**[4]

The parties' competing private interests favor allowing the action to proceed.

The Arico Defendants contend that continuing civil discovery while K. Arico's criminal matter remains unresolved would substantially prejudice her by forcing her to choose between participating in discovery and invoking her Fifth Amendment privilege. (Mov. Br. at 5). They further maintain that Plaintiffs would suffer little prejudice from a stay because the litigation remains in its early stages and any delay would be limited. (Mov. Br. at 5).

Plaintiffs respond that Defendants have not identified any concrete way in which civil discovery would expose K. Arico to further self-incrimination following her guilty plea. (Opp. Br. at 3). Plaintiffs also argue that the duration of a stay is uncertain and that delaying discovery could impair the preservation of evidence and witness testimony. (Opp. Br. at 4). Plaintiffs further note that Defendants did not provide the Court with the charges to which K. Arico pleaded guilty, her allocution, the terms of any plea agreement or sentencing recommendation, whether she intended to testify at sentencing, or an explanation of how civil discovery could prejudice her in connection with sentencing. (Opp. Br. at 3).

The Court recognizes that K. Arico has an interest in avoiding the difficult choice between invoking her Fifth Amendment privilege and participating fully in the defense of this civil action. *See De'Omilia Plastic Surgery, P.C.*, 2013 U.S. Dist. LEXIS

---

[4] For efficiency, the Court considers together Plaintiffs' interest in proceeding expeditiously and the burden of continued litigation on Defendants.

163601, at *11–12 (recognizing a defendant's interest in avoiding the "quandary" presented by parallel civil and criminal proceedings). That concern, however, carries less weight here because K. Arico has already pleaded guilty. To that end, the ordinary risks associated with parallel civil and criminal proceedings—such as civil discovery revealing defense strategy or providing the prosecution with discovery unavailable in the criminal proceeding—are substantially diminished. *See id.* at *7–8, *11–12.

Defendants have not explained how, following K. Arico's guilty plea, the civil discovery at issue would materially prejudice her at sentencing, whether she testifies or not. In reply, the Arico Defendants contend that "[K. Arico] and her personal counsel are not required to divulge their criminal defense strategy to support the motion to stay." (Reply Br. at 1). The contention does not excuse the Arico Defendants from making the showing necessary for a stay. Privileged material may be withheld and identified on a privilege log, and any resulting dispute may be presented to the Court for resolution. Defendants' generalized assertion that civil discovery could affect sentencing is insufficient to justify suspending the entire civil action.

By contrast, a stay would prevent Plaintiffs from advancing their claims for an uncertain period and could hinder their ability to preserve evidence and witness testimony. The fact that the conduct underlying this civil action also resulted in criminal charges does not, without more, entitle K. Arico to defer the civil claims against her. *See Arden Way Assocs.*, 660 F. Supp. at 1497; *De'Omilia Plastic Surgery, P.C.*, 2013 U.S. Dist. LEXIS 163601, at *12. On balance, Defendants have not shown

that the burden imposed by continued litigation outweighs Plaintiffs' interest in proceeding with their case. Accordingly, this factor weighs against a stay.

**D. Interests of the Court and the Public**

The interests of the Court and the public do not support a stay.

The Arico Defendants contend in conclusory fashion that a stay would preserve the integrity of the related criminal proceeding and promote judicial economy by avoiding simultaneous adjudication of overlapping issues in this Court and the state court. (Mov. Br. at 6). The Court is unmoved.[5]

Defendants have not shown that continued litigation of this action would interfere with the state criminal matter or require this Court to adjudicate an issue presently before the state court. As discussed above, K. Arico had already pleaded guilty when Defendants filed the present motion. The Arico Defendants do not identify any remaining issue in the criminal proceeding that would be duplicated or undermined by this Court's supervision of civil discovery. Their generalized concerns regarding parallel proceedings therefore do not establish that judicial economy would be served by suspending this action.

Nor would the possibility of a Fifth Amendment dispute alter that conclusion. As discussed above, any privilege issue arising from discovery may be addressed by the undersigned when presented. But the possibility that such an issue may arise does not warrant halting discovery that poses no apparent Fifth Amendment concern. The Court's interest is better served by allowing the case to progress while addressing

[5] Plaintiffs do not separately address these factors.

specific discovery disputes, if necessary, through ordinary case-management procedures. *De'Omilia Plastic Surgery, P.C.*, 2013 U.S. Dist. LEXIS 163601, at *14 (recognizing the Court's obligation to move its docket and avoid unnecessary delay).

The public interest likewise favors continued litigation. The public has an interest in the "efficient resolution of disputes with minimal delay." *Id.* at *15 (citing *Diamond v. Borough of Peapack Gladstone*, 2011 U.S. Dist. LEXIS 119895, at *7 (D.N.J. Oct. 18, 2011)). At the same time, the Court recognizes the public interest in protecting the integrity of criminal proceedings. Here, however, Defendants have not identified any concrete manner in which permitting the civil case to proceed would impair that interest. On the present record, the interests of both the Court and the public weigh against a stay.

## IV. CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78 and for the reasons set forth above;

IT IS on this 11th day of September, 2026

ORDERED that the Defendants' Motion to Stay Civil Proceeding (ECF No. 38) is DENIED; and it is further

ORDERED that the Clerk is to terminate ECF No. 38.

s/ Justin T. Quinn
HON. JUSTIN T. QUINN
United States Magistrate Judge